MORRIS (UNITED STATES v.). See Cases Nos. 15,812–15,816.

## Case No. 9,838.

### The MORRISANIA.

[13 Blatchf. 512.] [1]

Circuit Court, E. D. New York. Aug. 16, 1876.

ADMIRALTY—MARITIME TORTS—DAMAGE FROM SWELL.

A vessel being properly and securely fastened to a pier in the East river, a steamboat passed by so near, and at such a rate of speed, that the swell she created threw the vessel against another one, and damaged the former: *Held*, that the steamboat was liable for the damage, because it was negligence in her to pass by so near, at such speed, the channel at the place being over one thousand feet wide, and open to her navigation, without obstruction, to that width.
[Cited in The Massachusetts, Case No. 9,258; The Southfield, 19 Fed. 842; The Drew, 22 Fed. 855; The Rhode Island, 24 Fed. 295; The Monmouth, 44 Fed. 812; The Majestic, Id. 814.]

Scudder & Carter, for libellants.
D. & T. McMahon, for claimant.

HUNT, Circuit Justice. On the 1st and 2d days of October, 1874, the bark A. J. Pope was moored at the end of the wharf between 10th and 11th streets, Long Island City, Long Island. She was fastened to the bulkhead by a chain cable from her bow, and by a chain cable from her stern, and, also, by a heavy hawser forward and aft. South of the pier at which her bow headed lay another vessel, and, outside of the pier, lapping both the Pope and this other vessel, lay another vessel, called the Hero. On the day first named,

the steamer Morrisania, a passenger ferryboat plying between Harlem and New York City, on her way to Harlem, passed by this dock where the Pope was moored. On the 2d of October, while going in an opposite direction, she again passed by this dock. By her swell and suction on each of these occasions, the Hero and the Pope were thrown against each other, and the latter vessel sustained damage. The channel of the river at this place is over a thousand feet in width, and was open to the navigation of the Morrisania, without obstruction, to that width. The Morrisania passed within a short distance of the shore—some of the witnesses say fifteen feet, others thirty feet, others, again, put the distance at three or four hundred feet—and at a speed of twelve or fourteen miles an hour. It is difficult to fix the precise distance, but I hold it to have been much nearer to the wharf and the vessels than care and prudence and good navigation on the part of the Morrisania justified. The bark Pope was properly and sufficiently secured to the pier and bulkhead, and there was no negligence in this respect.

In the case of The Daniel Drew [Case No. 3,565], I discuss at length the general principles applicable to this case. A reference to the opinion in that case is sufficient, without here repeating the argument. With the general principles on which the argument of the claimant's counsel is based, I agree. But, here, their application is modified by the negligence of the Morrisania. After a careful examination of the evidence, I see no reason to find fault with the manner in which the Pope was fastened, or the material with which it was done. Neither do I see cause to doubt that the swell which did the injury was caused by the Morrisania. In the first answer, it was averred that the swell was caused by the Sylvan Glen, which preceded the Morrisania. This was clearly disproved. The second answer then attributed it to the steamer City of Boston. Of this averment there is no reasonable evidence. The speed of the steamer is not seriously disputed. As to how near she passed to the wharf, there is great contrariety of evidence, and it is a matter upon which honest men might reasonably differ. The libellants' witnesses put the distance at from ten feet to forty or fifty feet. Some witnesses say she came very near, without specifying how near. The witnesses for the claimant put her distance at several hundred feet. They say that no serious damage would have been done by her passing within one hundred feet. The damage, however, was done, and, in my opinion, the Morrisania passed within much less than a hundred feet, but certainly near enough to do the injury. Her undoubted right to the navigation of the river is subject to the restriction that it must be exercised in a reasonable and careful manner, and do no injury to others that care and prudence may avoid. The judgment of the district court is affirmed.

---

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]